**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4894**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

THOMAS EDWIN FOREBUSH,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:07-cr-00098-FDW-3)

_____

Submitted:  May 14, 2009            Decided:  June 17, 2009

_____

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Randolph M. Lee, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Edwin Forebush timely appeals from the twelve month and one day sentence imposed following his guilty plea to one count of conspiracy to defraud the government, 18 U.S.C. § 371 (2006), by violating the Clean Water Act, 33 U.S.C. §§ 1317, 1319(c)(2) (2006). Forebush's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether there is conclusive evidence that Forebush received ineffective assistance of counsel below and asking this court to review the record for any other meritorious issues. Forebush has not filed a pro se brief, though he was informed of his right to do so. Finding no error, we affirm.

A defendant may raise a claim of ineffective assistance of counsel "on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance the defendant must show two things: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a

2

guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Our review of the record reveals no conclusive evidence that Forebush's counsel did not provide effective assistance. Therefore, we decline to review Forebush's claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Forebush's conviction and sentence. This court requires that counsel inform Forebush, in writing, of his right to petition the Supreme Court of the United States for further review. If Forebush requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Forebush. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED